UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DRUMMOND, | ) | CASE NO. 4:07-cv-1776 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CHARLOTTE JENKINS, | ) | **AND ORDER** |
| | ) | |
| RESPONDENT. | ) | |

The above-captioned capital habeas case was initiated on June 15, 2007 and, after full proceedings, including those before the Supreme Court of the United States, the case was terminated on June 30, 2016 by Order and Judgment Entry denying and dismissing the petition. (*See* Doc. No. 122.)

Now before the Court is petitioner's motion under 18 U.S.C. § 3599(e) to authorize his formerly-appointed federal habeas counsel to appear in new "ancillary" state court litigation. (Doc. No. 123.) The motion represents that, on January 12, 2017, pursuant to Ohio Rev. Code § 2953.23, petitioner filed a second petition in state court to vacate or set aside his sentence on the strength of what petitioner claims is a new and retroactively-applied federal right set forth in *Hurst v. Florida*, __ U.S. __, 136 S. Ct. 616, 193 L. Ed. 2d 504 (2016) (requiring a defendant's death sentence to be based on a jury verdict, not a judge's fact-finding).[1] By way of the instant

---

[1] Although the Court need not decide the issue for purposes of the instant motion, this Court does not agree that the law in *Hurst* is new, *see Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) (holding that any fact that increases the penalty for a crime beyond the statutory maximum, other than the fact of a prior conviction, must be submitted to the jury and proved beyond a reasonable doubt), nor is it clear that *Hurst* is to be retroactively applied for purposes of collateral review. *See Gapen v. Bobby*, No. 3:08-cv-280, 2017 WL 661493, at *4-5 (S.D. Ohio Feb. 17, 2017) (Merz, M.J.) ("*Hurst* does not apply to cases in which the conviction became final on direct appeal before January 2016").

1

motion, petitioner "seeks authorization for undersigned counsel [federal public defender] to litigate this claim in state court in anticipation of further federal habeas proceedings." (Doc. No. 123 at 8635.)[2] The motion asserts that since, in Ohio, "appointment of counsel is required only in the case of a timely-filed first petition for post-conviction relief[,]" (Motion at 8637, quoting *State v. Conway*, No. 12AP-412, 2013 WL 4679318, at *13 (Ohio Ct. App. Aug. 29, 2013)), adequate state representation is not available to petitioner.

Respondent opposes the motion (*see* Doc. No. 124), arguing that this Court has no jurisdiction since the case is closed and the new state court proceedings do not constitute a "subsequent stage" of the original habeas proceedings within the meaning of the statute authorizing appointment of federal counsel. Respondent asserts that "§ 3599 funding is not authorized to initiate new state court proceedings." (*Id.* at 8642.)

The Criminal Justice Act provides for appointed federal counsel to represent a party "at every stage of the proceedings from his initial appearance … through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). In addition,

> [i]n any post-conviction proceeding under [28 U.S.C. § 2254] seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).

18 U.S.C. § 3599(a)(2). Section 3599(e), covering the duties of federally appointed counsel, specifies that counsel shall continue to represent the defendant "throughout every subsequent stage of available judicial proceedings, including … all available post-conviction process[.]" The

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

issue, then, is whether petitioner's "ancillary" state court proceedings constitute a "subsequent stage" of his original habeas proceedings, during which he had appointed counsel.

Petitioner relies primarily upon select language in a footnote in *Harbison v. Bell*, 556 U.S. 180, 190, 129 S. Ct. 1481, 173 L. Ed. 2d 347 (2009), and broadly suggests that § 3599 vests district courts with discretion to determine on a case-by-case basis whether a federally appointed counsel may represent a defendant in state court. But in *Harbison* the Supreme Court observed that while "[s]tate habeas is not a stage 'subsequent' to federal habeas[,]" *id.* at 189 (and therefore would not entitle a defendant to federally appointed counsel), since "state postconviction litigation sometimes follows the initiation of federal habeas [where] a petitioner has failed to exhaust[,]" *id.* at 190—and here's the footnote—"a district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim *in the course of her federal habeas representation*." *Id.* at 190, n.7 (quoting § 3599(e) (emphasis added)).[3] The Supreme Court then observed (in that same footnote) that "[t]his is not the same as classifying state habeas proceedings as 'available post-conviction process' within the meaning of the statute." *Id*. Thus, *Harbison* does not cast as wide a net as the petitioner suggests.

The somewhat limited discretionary reach of a district court to appoint federal counsel in a state habeas case is illustrated in *Irick v. Bell*, 636 F.3d 289 (6th Cir. 2011), the case upon which the respondent relies in opposition to the motion, wherein the court rejected application of *Harbison* to a situation where a defendant wanted federally appointed counsel to assist him in reopening his state post-conviction proceedings. In *Irick*, the respondent argued that the state post-conviction proceedings fell outside the scope of § 3599 "because they are 'the

---

[3] Petitioner also argues that appointing the federal public defender, who has represented Drummond since 2008 and is very familiar with the facts and the record, would "serve[] the related ends of judicial economy and the avoidance of delay." (Motion at 8637-38.)

commencement of new judicial proceedings,' rather than a stage 'subsequent to federal habeas.'" *Id.* at 292. The Sixth Circuit agreed.

Here, petitioner has filed a second post-conviction proceeding in state court to argue that his death sentence is unconstitutional under *Hurst*, *supra*. He asserts in his motion that, should he not prevail in state court, he intends to file a habeas petition in this Court. He believes that these are sufficient reasons for this Court to appoint federally-funded counsel to represent him in state court. This argument would hold weight if there were presently-pending habeas proceedings that could be stayed while petitioner pursued exhaustion of a new federal claim. *See Rhines v. Weber*, 544 U.S. 269, 275-76 125 S. Ct., 161 L. Ed. 2d 440 (2005) (holding that a district court has discretion to stay a mixed petition, that is, one with both exhausted and unexhausted claims, to allow petitioner to present his unexhausted claims to a state court in the first instance); *Conway v. Houk*, No. 3:07-cv-345, 2013 WL 6170601 (S.D. Ohio Nov. 22, 2013) (granting motion to expand appointment to allow habeas counsel to represent petitioner in state court for purposes of exhausting a claim). But that is not the case here. There is no pending habeas petition, and there is no available "subsequent stage" in the now-closed habeas case.

This death penalty habeas case has been closed since June 30, 2016, and any new state proceedings are not a "subsequent stage" within the meaning of the relevant statute. Accordingly, the motion for authorization to appear in ancillary state court litigation (Doc. No. 123) is **denied.**

**IT IS SO ORDERED.**

Dated: February 22, 2017

                                                 **HONORABLE SARA LIOI**
                                                 **UNITED STATES DISTRICT JUDGE**